IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WENDY J. BLEVINS,<br><br>     Plaintiff,<br><br>  v.<br><br>HENRY DOORLY ZOO,<br><br>     Defendant. | 8:07CV285<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's motion for summary judgment, Filing No. 27.[1] This is an action for pregnancy discrimination in employment under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k). The defendant asserts that uncontroverted evidence shows that plaintiff cannot establish a prima facie case of pregnancy discrimination.

**I. Facts**

The evidence submitted in connection with the motion establishes the following. *See* Filing Nos. 28, 35, & 37, Briefs, Statements of Uncontroverted Facts; Filing Nos. 29, 36 & 38, Indices of Evidence. Plaintiff Wendy Blevins was employed by defendant Henry Doorly Zoo ("the Zoo"), first as an intern and later as a full-time Keeper, from May 2002 to October 6, 2006. She was assigned to work in the Desert Dome. Her duties as a Keeper included daily husbandry and care associated with feeding, cleaning animal enclosures, responsibility for animal collection, diet preparation, building and grounds upkeep, animal enrichment, observations, record keeping, routine animal medications, public interaction,

---

[1] Also pending is the plaintiff's unopposed motion for an extension of time in which to respond to the defendant's motion, Filing No. 33. The defendant has filed a response and the court has considered the materials. The motion for an extension of time will accordingly be denied as moot.

and maintaining the functions of an indoor desert.  Filing No. 29, Index of Evid., Ex. 18, Affidavit of Craig Jacobs ("Jacobs Aff.") at 2.  The job required the ability to lift 50 pounds routinely in a highly physical work environment with varying temperatures and climates. *Id.*  All new Zoo employees receive an Employee Handbook that sets out employee appearance requirements.  *Id.* at 1-2; Ex. 5, Employee Manual at 11-12.  Zoo employees are required to wear zoo-issued uniforms to work and, specifically, are to wear khaki shorts or dark brown pants.  *Id.*, Ex. 2, Deposition of Kay Klatt ("Klatt Dep.") at 14; Ex. 4, Deposition of Sarah M. Hasslinger ("Hasslinger Dep.") at 16; Ex. 5, Employee Manual at 11-12.

At all times relevant to this litigation, Dan Cassidy was employed as the Zoo's General Curator.  Craig Jacobs was employed as the Zoo's Associate Director of Human Resources.  Alan Holst was employed as the Zoo's Supervisor of the Desert Dome and was the plaintiff's supervisor.  He was responsible for overseeing the Keepers, including Blevins, and had authority to discipline Blevins.  Dan Cassidy was Holst's immediate supervisor.  Kay Klatt was Assistant Supervisor of the Desert Dome and was plaintiff's supervisor.  Klatt was supervised by Alan Holst.  Sarah Hasslinger was employed as a Keeper and was a co-worker of the plaintiff.  Holst and Klatt also supervised Hasslinger.

During the course of her employment at the Zoo, plaintiff was married and changed her name from Wendy Wilbur to Wendy Blevins.  She informed the Zoo management that she was pregnant in July 2006.  Blevins' physician required Blevins to avoid contact with the feces and urine of felines and other animals carrying toxoplasmosis and she produced documentation to that effect.  Filing No. 29, Defendant's Index of Evid., Ex. 8, Letter.  The Zoo modified her duties accordingly, providing a schedule that included feeding the

2

animals and birds in the outperimeter of the Desert Dome, cleaning the back rooms in the Kingdom of the Night, preparing all building diets, and cleaning the diet kitchen. *Id.,* Ex. 9, Modified Duty Memo; Ex. 2, Klatt Dep. at 25-26.

Blevins has presented evidence that her supervisors made several arguably derogatory comments regarding her pregnancy, including a comment by Kay Klatt that Blevins would not survive at the zoo until the end of her pregnancy. Filing No. 29, Defendant's Index of Evid., Ex. 1, Deposition of Wendy Blevins ("Blevins Dep.") at 85, 94-98 & 108. Plaintiff also adduced evidence that she had been told that she could wear any pants that matched the color of the zoo's uniform pants, khaki or brown. Filing No. 36, Plaintiff's Index of Evid., Ex. 2, Hasslinger Dep. at 16. Blevins testified in her deposition that she was admonished for wearing pants to work that were not zoo-issued and was offered larger men's zoo-issued pants to wear as her uniform. Filing No. 29, Defendant's Index of Evid., Ex. 1, Blevins Dep. at 68-70. She testified that the Zoo refused to allow her to wear comfortable maternity pants. *Id.* at 72.

On September 28, 2006, Kay Klatt asked Blevins to lift a heavy bucket of dirt over a fence in a prairie dog enclosure that Blevins was cleaning. *Id.* at 83-84. Plaintiff replied that she was unable to do so and solicited the help of a co-worker to lift the buckets. *Id.* at 88-89. Kay Klatt then reported to Holst that plaintiff had refused to work. *Id.,* Ex. 3, Deposition of Alan Holst ("Holst Dep.") at 44. Klatt and Holst sent Jacobs an e-mail about Blevins' work performance and failure to adhere to the dress code on October 3, 2006. *Id.* at 47; Ex. 18, Jacobs Aff. at 3; Ex. 12, E-mail communication at 1. On October 3, 2006, the plaintiff was terminated from employment. Filing No. 36, Plaintiff's Index of Evid., Ex. 1; Filing No. 29, Defendant's Index of Evid., Ex. 18, Jacobs Aff. at 3. Her termination was

based on a determination that she was "in direct violation of the Zoo Employee Handbook policy, Section VII, item d, Involuntary Termination."  Filing No. 36, Plaintiff's Index of Evid., Ex. 1, termination letter.  In the letter, Jacobs stated that "[t]his step is usually taken only when it is clear in the opinion of Zoo management that the employee has failed to demonstrate ability and/or intent to comply with established job requirements or Zoo policies or act in the best interest of the Zoo," specifically, her "inability to meet performance standards."  *Id*.  The Zoo admits that she was terminated for inability to meet performance standards, insubordination and "her attitude."  Filing No. 37, Defendant's Reply Brief at 5.  The evidence also shows that Blevins had been meeting the Zoo's legitimate employment expectations at the time of her performance reviews in 2005 and 2006.  Filing No. 29, Defendant's Index of Evid. , Exs. 6 & 7, performance evaluations.  Blevins has also adduced evidence that uniform requirements were not strictly enforced against other employees and that documentation of pregnancy restrictions was not required of other employees.  *Id.*, Ex. 1, Blevins Dep. at 52; Filing No. 36, Plaintiff's Index of Evid., Ex. 2, Hasslinger Dep. at 15-16.

## II. Law

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005).  The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment

must be denied notwithstanding the absence of opposing affidavits or other evidence. *Id.*, 398 U.S. at 159-60. Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e)(2); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998).

"In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). It is not the court's role to decide the merits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (on motion for summary judgment, district court should not weigh evidence or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

Title VII makes it an unlawful employment practice to discharge an individual "because of such individual's sex," and "because of sex" includes "because of . . . pregnancy, childbirth, or related medical conditions." 42 U.S.C. §§ 2000e(k), 2000e-2(a)(1). Under the 1991 amendments to Title VII, an unlawful employment practice is established when a complaining party demonstrates that sex (including pregnancy) was "a motivating factor" for a discharge, even though other factors also motivated the discharge. 42 U.S.C. § 2000e-2(m); *see Deneen v. Northwest Airlines, Inc.*, 132 F.3d 431, 435-36 (8th Cir. 1998). A plaintiff may survive a motion for summary judgment either by presenting "direct evidence" of discrimination, or by creating the requisite inference of discrimination, including sufficient evidence of pretext, under the burden-shifting analysis of *McDonnell*

5

*Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *Roberts v. Park Nicollet Health Servs.*, 528 F.3d 1123, 1127 (8th Cir. 2008). At the summary judgment stage, the issue is whether the plaintiff has sufficient evidence that unlawful discrimination was a motivating factor in the defendant's adverse employment action; if so, then the presence of additional legitimate motives will not entitle the defendant to summary judgment. *Id.* at 1127. Summary judgment should seldom be granted in discrimination cases. *Heaser v. Toro*, 247 F.3d 826, 830 (8th Cir. 2001).

### III.  Analysis

The court has reviewed the evidence submitted in connection with the motion. Viewed in the light most favorable to the plaintiff, the evidence demonstrates that there is a genuine dispute for trial on the issue of whether the defendant's stated reason for Blevins' termination was pretextual and whether Blevins' pregnancy was a motivating factor in the employment decision. It is not disputed that the plaintiff is a member of a group protected by the Pregnancy Discrimination Act. The evidence shows that Blevins had been meeting the expectations of her employer at the time of her performance evaluation in March 2006. The evidence also shows that she suffered an adverse employment action in that she was terminated from her employment as a keeper at the Zoo. There is evidence that supervisors made arguably negative comments about her pregnancy, refused to allow her to wear maternity clothes, and treated her differently than other employees. This evidence is sufficient to create an inference of discrimination so as to survive a motion for summary judgment. Accordingly, the court finds that defendant's motion for summary judgment should be denied.

IT IS ORDERED:

1. Defendant's motion for summary judgment (Filing No. 27) is denied;

2. Plaintiff's unopposed motion for an extension of time (Filing No. 33) is denied as moot.

DATED this 14th day of November, 2008.

                                        BY THE COURT:


                                        s/ Joseph F. Bataillon
                                        Chief United States District Judge