IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WENDY J. BLEVINS, )<br>                   Plaintiff, )<br>        v. )<br>HENRY DOORLY ZOO, )<br>                   Defendant. ) | 8:07CV285<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the defendant's motion in limine, Filing No. 44, and defendant's objections to the deposition of Sarah Hasslinger, Filing No. 50. In the motion in limine, defendant seeks exclusion of evidence of a dog-bite received by the plaintiff's daughter, media coverage of the incident, and related medical treatment as unduly prejudicial, irrelevant, and confusing. The plaintiff contends the evidence is relevant to the issue of mitigation of damages. Defendant also raises relevancy, foundation and hearsay objections to the deposition testimony of Sarah Hasslinger.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency

of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. United States v. Beasley, 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. Defendant's concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial. Defendant's objections to the deposition testimony will be ruled on at trial.

IT IS ORDERED:

1. Defendant's motion in limine (Filing No. 44) is overruled without prejudice to reassertion at trial.

2. Defendant's objections to the deposition of Sarah Hasslinger (Filing No. 50) are taken under advisement and will be ruled on at trial.

Dated this 3rd day of December, 2008.

BY THE COURT:

**s/ Joseph F. Bataillon**
Chief District Judge